## PREYER *v.* BIDWELL.

*(Common Pleas of New York City and County, General Term.* June 26, 1890.)

MASTER AND SERVANT—WRONGFUL DISCHARGE.

In an action for wrongful discharge the answer justified the dismissal on account of neglect of duty and immoral conduct. In his testimony defendant only assigned neglect of duty as the cause of the discharge. *Held,* that a charge, that immoral conduct of itself would not disqualify a man from being a good business man, but if it was displayed so as to be an injury or detriment to the business of the employer, that would be a good ground for discharge, was fair and correct, and that it was not error to refuse further requests on that subject.

Appeal from trial term.

Action by Arthur E. Preyer against George R. Bidwell to recover damages for the alleged wrongful discharge of plaintiff. The complaint alleged a yearly hiring. The answer denied the allegation of a yearly hiring, and alleged that the dismissal was justified by plaintiff's neglect of duty, careless and unfaithful attention to his obligations, and by the fact that plaintiff associated with prostitutes, and during business hours, and to the detriment of defendant's business, related to his co-employes stories of his personal experience at houses of prostitution, and otherwise misconducted himself. The court charged that all an employer has a right to expect from his employes is fitness and capacity to discharge the duty, and honesty of purpose in regard to that duty, for which he was employed, and, if he chooses to make the question of immorality a

consideration, he should carefully investigate and satisfy himself upon that point before he engages the party. The court further charged: "This question of immoral conduct, which seems to have been one of the grounds of the defense, was to the effect that the plaintiff used to relate stories to the employes, telling them lascivious stories about his own lascivious acts. You have heard the testimony. I let it come in because it was in the answer. * * * But you will, I think, readily understand that, as to this lascivious conduct, it, of itself, would not disqualify a man from being a good business man; but if it was displayed so as to be an injury or detriment to the business of the employer, that would be a good ground for discharge; and for that reason I have declined to charge distinctly what I have been requested to charge, otherwise than I have charged." The court refused defendant's request for a charge that "defendant has a right to expect the plaintiff to have and maintain a good moral character, and to conduct himself in a manner consistent with good morals, while in the course of his employment; and that, if the plaintiff did not so conduct himself, the discharge was justified, and the verdict must be for the defendant." There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before DALY, ALLEN, and BISCHOFF, JJ.

*Isaac B. Potter*, for appellant.    *Charles H. Preyer*, for respondent.

PER CURIAM. No just reason appears for disturbing the judgment in this case. The evidence, as to the terms of the employment of plaintiff and the rate of his compensation, was conflicting, and the alleged causes that led to the plaintiff's discharge were fully controverted. These were the only issues in the action, and they were submitted to the jury with proper instructions from the court, and there is ample evidence to support the finding of the jury upon all the issues raised.

The part of the charge of the court in regard to the defense of immoral conduct, to which our attention has been called, is not, under the circumstances, open to criticism. Although this defense is pleaded in the answer, the defendant is his testimony has not assigned immoral conduct as one of the causes of the discharge. He has given his testimony fully as to the causes which led him to discharge the plaintiff. On his examination as a witness he swore in regard to this matter as follows: "I discharged Mr. Preyer because I had found to my own satisfaction that he neglected my business. He was late in the morning. He would leave the store earlier in the evening than he should. I also learned that he had been lending my property, for which he received benefit only to himself. I found he only spent an hour or two on the last Sunday he was there, and he left in the store a boy who was not familiar with the business, and on those grounds I discharged him. *Question.* Were there any other reasons particularly? Any other times? Did you have a memorandum of any of those acts? *Answer.* Yes, sir; upon several occasions I satisfied myself by observing that he was not attending to my business, and one particular evening was Tuesday, September 6th. It was his regular night at the store. He left the store at half past five to go to supper, and he returned at half past seven, and stayed at the store. At a quarter after eight he left for the evening, and did not return." It must be assumed that the court in making the remark complained of in the charge had in view the testimony of the defendant, and the fact that immoral conduct was not claimed by him in his testimony as a ground of discharge. But even if the defendant had testified differently, and had assigned this as a cause of discharge, we think the court charged the jury fully, fairly, and correctly on this subject.

An exception was taken to the exclusion of a question asked by the defendant's counsel in regard to the custom of the defendant's establishment as to making tickets when a bicycle was let. To render a custom binding upon an

employe, actual knowledge of it must be shown. Such custom, if it is relied on as such, must form a part of the contract of employment, or in some way be made known to the employe. But the defendant could not have been prejudiced in any way by the ruling of the court upon this question, for the reason that he testified that he gave to the plaintiff special directions in regard to his duties, and instructed him as to making cash or credit tickets for the bicycles which were loaned. The judgment and order appealed from should be affirmed, with costs.